IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRISHA M. HAVEL,<br><br>Defendant. | 4:21-CR-3075<br><br>MEMORANDUM AND ORDER |

The above-captioned case came on for sentencing this date, requiring the Court to dispose of a number of objections and motions asserted by the parties. For the reasons stated on the record at sentencing, the defendant's objections to the presentence report (filing 39) were sustained in part and overruled in part. The defendant's motion for self-surrender (filing 41) was granted. And for the reasons stated in the Court's tentative sentencing findings (filing 47), *see United States v. Havel*, No. 4:21-cr-3075, 2023 WL 1930686 (D. Neb. Feb. 10, 2023), the defendant's motion for departure or variance (filing 42) was granted in part and denied in part. The government's objection (filing 48) to those findings requires more discussion.[1]

To its credit, the government admits that the Court has the "ability to disagree with the Guidelines and to consider other courts' disagreements with the Guidelines." Filing 48 at 2. Indeed, both the Supreme Court and Eighth Circuit have repeatedly reaffirmed the Court's discretion to vary from

---

[1] The government frames its objection contingently: "However, if this Court intends, going forward, to treat all methamphetamine actual and methamphetamine mixture the same for sentencing purposes, and to always use the lower Guidelines range applicable to methamphetamine mixture, the Government respectfully objects." Filing 48 at 1. To alleviate any confusion: That's *exactly* what the Court intends going forward.

guidelines ranges based solely on policy considerations, including disagreements with the guidelines. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *see also, e.g.*, *Pepper v. United States*, 562 U.S. 476, 497 (2011); *Spears v. United States*, 555 U.S. 261, 266 (2009); *United States v. Parker*, 762 F.3d 801, 812 (8th Cir. 2014); *United States v. VandeBrake*, 679 F.3d 1030, 1037 (8th Cir. 2012); *United States v. Jimenez-Perez*, 659 F.3d 704, 707 (8th Cir. 2011); *United States v. Brewer*, 624 F.3d 900, 909 (8th Cir. 2010); *United States v. Parish*, 606 F.3d 480, 492-93 (8th Cir. 2010); *United States v. Deegan*, 605 F.3d 625, 632 (8th Cir. 2010); *United States v. Williams*, 357 F. App'x 726, 728 (8th Cir. 2009); *United States v. Davis*, 538 F.3d 914, 916 (8th Cir. 2008).

The government points out that while the Court <u>can</u> vary from the guidelines range on policy grounds, it's not <u>required</u> to do so. Filing 48 at 2-4. Of course, that's true (to a point). *See, e.g.*, *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022); *United States v. Moore*, 835 F. App'x 172 (8th Cir. 2021); *United States v. Sharkey*, 895 F.3d 1077, 1082 (8th Cir. 2018). But the point at which the Court <u>is</u> required to vary based on a disagreement with the guidelines is the point at which the Court has actually decided that it has a principled disagreement with the guidelines, based on the Court's experience in this district. And at that point, the Court's responsibility is to apply the § 3553(a) factors and impose an appropriate sentence—and to publicly explain the basis for the sentence. *See* § 3553(b); *Rita v. United States*, 551 U.S. 338, 356-57 (2007).

That obligation, to honestly articulate the basis for the sentence imposed, is why the Court rejects the government's suggestion that instead of categorically varying from the guidelines, the Court should merely "determine and consider the applicable Guidelines range, and consider its disagreement with the Guidelines treatment [of] methamphetamine and all the statutory sentencing factors, weighing them in each individual case to determine the

appropriate sentence. . . ." Filing 48 at 2. The policy considerations the Court discussed in its tentative findings, *see Havel,* 2023 WL 1930686, at *4-6, aren't going to change from case to case. And in *Spears*, the Supreme Court expressly rejected that type of sleight-of-hand reasoning. 555 U.S. at 266.

In that case, the Court of Appeals had held that the sentencing court erred by granting a downward variance based solely on its rejection of the crack-to-powder ratio found in U.S.S.G. § 2D1.1(c), instead of varying "based on an individualized, case-specific evaluation of the facts or of the defendant." *United States v. Spears*, 469 F.3d 1166, 1178 (8th Cir. 2006), *rev'd*, 555 U.S. 261. The Supreme Court summarily reversed that decision, explaining that the Court of Appeals' approach

> would likely yield one of two results. Either district courts would treat the Guidelines' policy embodied in the crack-to-powder ratio as mandatory, believing that they are not entitled to vary based on "categorical" policy disagreements with the Guidelines, or they would continue to vary, masking their categorical policy disagreements as "individualized determinations." The latter is institutionalized subterfuge. The former contradicts our holding in *Kimbrough*. Neither is an acceptable sentencing practice.

*Spears*, 555 U.S. at 266.

Here, as this Court has explained, it has a categorical policy disagreement with § 2D1.1(c). *See Havel,* 2023 WL 1930686, at *4-6. The Court will not pretend that disagreement is an individualized determination.

That doesn't mean, however, that the Court won't *make* an individualized determination in every case—as *it always does. See Kimbrough,* 552 U.S. at 110. Rather, the Court will make its individualized determination,

as it is required to do, based on the individual facts of each case. The government is frankly wrong when it suggests that the Court

> may well find in the instant case that the 10:1 ratio for methamphetamine actual vs. methamphetamine mixture would result in an applicable advisory range which is unduly harsh, and after consideration of all other sentencing factors, and may determine a downward variance is appropriate. However, there will undoubtedly be other cases where this Court would find the 10:1 ratio completely justified and where a sentence based on the methamphetamine mixture Guidelines would be unduly lenient.

Filing 48 at 3. The Court will <u>not</u> find the 10:1 ratio to be justified in other cases. The Court may well find that the circumstances of other cases warrant enhancing the offense level or varying from the methamphetamine mixture guidelines based on § 3553(a)—but if the Court finds that a modified "guidelines" sentence based on the methamphetamine mixture guidelines would be unduly lenient for other reasons, it will say so directly—not hide behind a 10-1 ratio that's empirically unjustified. And making that clear in advance will permit both the government and the defendant to argue for what they believe is an appropriate sentence with a clear understanding of the Court's position and procedure.

IT IS ORDERED:

1. The defendant's objection (filing 39) is sustained in part and overruled in part.

2. The defendant's motion for self-surrender (filing 41) is granted.

3. The defendant's motion for departure or variance (filing 42) is granted in part and denied in part.

4. The government's objection (filing 48) is overruled.

Dated this 17th day of February, 2023.

                BY THE COURT:

                *John M. Gerrard*
                John M. Gerrard
                Senior United States District Judge